**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**UNITED STATES OF AMERICA**

      **v.**                        **Case No. 5:23-cr-81-JA-PRL**
                                          **(Forfeiture)**

**VIVIANA RODRIGUEZ**

**UNITED STATES' MOTION FOR ENTRY**
**OF PRELIMINARY ORDER OF FORFEITURE**

The United States respectfully moves this Court, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c), to enter a Preliminary Order of Forfeiture, which, upon entry, shall be a final order of forfeiture as to the defendant for the HS Produkt, Model Hellcat, 9mm handgun, bearing serial number BA273500 and the Glock, Model 43X, 9mm handgun, bearing serial number CAUY356, which were involved in the offenses charged in Counts Thirty-Eight and Count Thirty-Nine.   In support of its motion, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

**I.**      **Statement of Facts**

     1.     On August 22, 2023, a thirty-nine Indictment was returned.   Doc. 24.   In pertinent part, Count Thirty-Eight charged the defendant with making a materially false statement to a firearms dealer, in violation of 18 U.S.C § 922(a)(f).   Count Thirty-Nine charged the defendant with causing a federal

firearms licensee to maintain false information in their official records, in violation of 18 U.S.C. § 924(a)(1)(A).

2.      As a result of the violations alleged in Counts Thirty-Eight and Thirty-Nine, the United States sought the forfeiture of all firearms and ammunition involved in or used in the violations.  *Id.* at 26.

3.      On November 21, 2023, the United States and the defendant entered into plea agreement.  Doc. 75.  In paragraph six of her plea agreement, entitled "Forfeiture of Assets," the defendant agreed that the firearms were involved in or facilitated the commission of the offenses charged in Counts Thirty-Eight and Thirty-Nine of the Indictment.  *Id.* at 5-6.

4.      On November 29, 2023, the defendant pled guilty to Counts Thirty-eight and Thirty-nine of the Indictment.  Doc. 79.  On December 5, 2023, the Court accepted the plea of guilty and adjudicated the defendant guilty of Counts Thirty-Eight and Thirty-Nine.  Doc. 86.  The defendant is scheduled to be sentenced on March 21, 2024.  Doc. 85.

## II.    Applicable Law

The Court's authority to order forfeiture of property for violations of 18 U.S.C. §§ 922(a)(6) and 922(a)(1)(A) is found upon 18 U.S.C. § 924(d).  Section 924(d) provides for the seizure and forfeiture of any firearm or ammunition involved in or used in any knowing violation of section 922.  *See* 18 U.S.C. § 924(d).  Section 2461(c) authorizes the criminal forfeiture of any property that

can be forfeited civilly using the procedures for the criminal forfeiture and disposition of property set forth in 21 U.S.C. § 853(a).

Rule 32.2(b)(1) requires that if the United States seeks the forfeiture of specific property, the Court must determine whether the United States has established the requisite nexus between the property and the offense.   In so doing, the Court makes both a factual determination regarding the sufficiency of the nexus between the offense and the property sought for forfeiture, and a legal finding as to what property is subject to forfeiture.

The defendant admitted in her Plea Agreement on July 25, 2023, Rodriguez purchased an HS Produkt Firearm and a Glock firearm from Addison's Gun Shop Inc., a federally licensed firearms dealer.    Factual Basis at 29.   ATF obtained a copy of the Form 4473 from the purchase of the firearms. A review of the Form 4473 shows that Rodriguez answered "yes" to question 21, which asks, "[a]re you the actual transferee/buyer of the firearm(s) listed on this form and any continuation sheet(s) (ATF Form 5300.9A)?" Rodriguez was not the actual purchaser of the firearms. She purchased them on behalf of someone else.  *Id.*

On July 25, 2023, Rodriguez sent Wilson a photograph of the HS Produkt Hellcat firearm and asked, "Do I get this one." Rodriguez also stated, "they have a glock 44 22."  *Id.* 29-30.   Wilson responded, "not a 22."   *Id.* at 30.

3

Rodriguez then stated, "they have a 43 for 500" "9mm." Wilson said "Si." Rodriguez then sent a picture to Wilson of two firearms. The firearms in the photograph are a Springfield Armory/HS Produkt Hellcat (serial number BA273500) and Glock 43X (serial number CAUY356), the firearms just purchased by Rodriguez.[1]  That same day, Wilson sent the photograph of the two firearms taken by Rodriguez to Damian Bless. Rodriguez was not the actual purchaser of the firearms. She purchased them on behalf of Wilson. Wilson intended to sell them to Damian Bless.   *Id.*

ATF spoke with Rodriguez about that ATF Form 4473.   *Id*. at 31. Rodriguez confirmed she was familiar with it. ATF asked Rodriguez if she recalled the firearm question that was asked after the contact information section. Rodriguez stated, "Yes, if the firearm… I think it is if it is for yourself or if for somebody else and I always put myself." ATF asked, "Were they for you?" Rodriguez responded, "No." ATF asked if Rodriguez was lying when she checked that box on the ATF Form 4473, Rodriguez stated "Yes, obviously." *Id.*

III.   **Conclusion**

Therefore, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. §

---

[1] The serial number for the Springfield Armory/HS Produkt Hellcat (BA273500) and Glock 43X (CAUY356) are visible in the photograph.

2461(c), and Fed. R. Crim. P. 32.2(b)(2), forfeiting to the United States all right, title, and interest in the firearms.

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the firearms and will publish notice on the internet at www.forfeiture.gov. Determining whether a third party has such an interest in the specific property must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

As required by Federal Rule of Criminal Procedure 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(B); *United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000).

The United States further requests that the Court retain jurisdiction to address any third party claim that may be asserted in these proceedings, and to

5

enter any further order necessary for the forfeiture and disposition of such property.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney


By:    *s/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney
Florida Bar No. 0820601
400 W. Washington St., Suite 3100
Orlando, Florida 32801
Telephone:  (407) 648-7500
Facsimile:   (407) 648-7643
E-Mail: nicole.andrejko@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Serbo Simeoni, Esquire


By:    s/Nicole M. Andrejko
NICOLE M. ANDREJKO
Assistant United States Attorney