UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.                                                                                          Case No. 5:23-cr-81-JA-PRL

VIVIANA RODRIGUEZ

_____/

**REQUEST FOR VARIANCE PURSUANT TO 18 U.S.C. 3553(a)
AND OBJECTION TO THE PRESENTENCE
REPORT'S DENIAL OF AN ADJUSTMENT FOR "MINOR ROLE"**

The Defendant, VIVIANA RODRIGUEZ and through the undersigned counsel, hereby files this Sentencing Memorandum, in which she asks this Honorable Court to impose a sentence "sufficient, but not greater than necessary" to achieve the stated purposes of sentencing and objects to a guidelines calculation that does not adjust for "Minor Role."   In support of her motion, Ms. Rodriguez states:

1. On November 29, 2023, Ms. Rodriguez entered a plea of guilty to Counts One, Four, Five, Six, Seven, Sixteen, Seventeen, Twenty-Four, Thirty-Four, Thirty-Five, Thirty-Eight and Thirty-Nine of a Thirty-Nine count Indictment, the court accepted the guilty plea on December 5, 2023.

2. Ms. Rodriguez is scheduled to be sentenced by this Court on March 21, 2024.

3. Ms. Rodriguez turned 41 years old on January 26, 2024. She was born in Mayaguez, Puerto Rico.

4. Ms. Rodriguez reported that she lived with both her parents until she was 13 years old, after which her father was incarcerated, and she moved to New Jersey with her mother and sister

1

where she attempted to get her General Education Diploma but did not follow through. PSR ¶ 71.

5.  According to the Pre-Sentence Report, Ms. Rodriguez's recommended advisory guideline range is 30-37 months without an adjustment for her minor role in the offense. PSR ¶ 90.

6.  Ms. Rodriguez maintains she is entitled to an adjustment for her role in the offense. Ms. Rodriguez specifically objects to paragraphs 51, 52, 54, 60, 64 and 89 providing for a total offense level of 19, Cat. I with no adjustment for her role in the offense pursuant to USSG § 3B1.2(b).   Ms. Rodriguez argues that she is entitled to a 2-level decrease for a minor role.

7.  Ms. Rodriguez contends that her adjusted offense level should be reduced by 2-levels pursuant to USSG § 3B1.2(b).

8.  In support of this position, Ms. Rodriguez contends that her involvement in the criminal acts was minor as compared to her co-defendant, Kingsley Wilson.

9.  Ms. Rodriguez asserts that her involvement was substantially less culpable, comparatively speaking, to Mr. Wilson's behavior. Mr. Wilson was charged with 24 counts of the indictment as opposed to 15 counts for Ms. Rodriguez, yet Ms. Rodgriguez was held accountable for all of Mr. Wilson's conduct.

10. Ms. Rodriguez did not direct negotiations for the sale or purchase of the firearms to the ultimate recipients. In fact, Ms. Rodgriguez indicated post-Miranda that she was unaware of the individuals who purchased the firearms. PSR ¶ 39.

11. There is no evidence to suggest that she transported or provided the firearms to a prohibited person because as she said in her post-Miranda statement, she "had no clue" who was purchasing the guns. PSR ¶ 39.

12. There is no evidence to suggest that she had knowledge or understood the scope of the

enterprise, or the activities of others involved including any criminal behavior of the ultimate recipients of the firearms.

13. There is no evidence to suggest that her status in the criminal act was anything other than procuring the handguns for Mr. Wilson who then would communicate with the purchasers regarding orders for specific firearms and delivery and then physically deliver the firearms to the recipients.

14. There is no evidence to suggest that she had an equity interest in the sale of the handguns or that she would receive a percentage of the profits from the sales. In fact, Ms. Rodriguez indicated to law enforcement that she had no idea how much Mr. Wilson made on the guns, but admitted the money was used to pay for household bills. PSR ¶ 39.

15. There is no evidence to suggest that she played any role in the planning of the criminal scheme. On the contrary, Mr. Wilson had been engaged in the criminal activity prior to Ms. Rodriguez becoming involved.

16. Ms. Rodriguez did not deliver or transport the firearms to the ultimate recipients. There is no evidence to suggest that she had a role in the ultimate distribution of the handguns.

17. Lastly, Mr. Wilson's purchase of handguns was over double that of Ms. Rodriguez and she received additional levels for Mr. Wilson's purchase of firearms. Mr. Wilson purchased 92 firearms while Ms. Rodriguez purchased 47. PSR ¶ 14.

18. Based upon the foregoing Ms. Rodriguez argues that she should either be held accountable for 47 firearms requiring a 6-level, rather than 8 level increase to the base offense level of 14, or that she should receive a 2-level decrease for minor role. As a result, Ms. Rodgriguez's adjusted offense level should be 17, Criminal History Category 1 for a sentencing range of 24-30 months Bureau of Prisons.

**MEMORANDUM OF LAW**

a. **"Minor role" Objection**

Ms. Rodriguez specifically objects to paragraphs 51, 52, 54, 60, 64 and 89 providing no adjustment for her role in the offense. Ms. Rodriguez should qualify for a "minor role" adjustment pursuant to USSG § 3B1.2(b). As a result, Ms. Rodriguez is entitled to a 2-level decrease in her total offense level. Consequently, Ms. Rodriguez should score a total offense **level of 17, category I, for a guideline range of 24-30 months.**

The first purpose of sentencing is to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." This directs courts to consider the actual conduct of the defendant and to impose a sentence in accordance with her unique and specific characteristics and role in the offense. In accordance with this directive, Ms. Rodriguez asks this Court to recognize that she was a minor participant in this offense. Ms. Rodriguez became involved in the criminal behavior because of her relationship with Kingsley Wilson.  Mr. Wilson had been engaged in this conduct prior to Ms. Rodriguez offering to help purchase firearms.  It was clear from her statement to law enforcement that she was cooperative and forthcoming regarding her involvement and admitted that she offered to help rather than being recruited by Mr. Wilson. However, it is clear from the reports and Discovery that Mr. Wilson organized and planned the criminal enterprise and instructed Ms. Rodriguez as to which firearms to purchase and where to purchase the firearms.  In addition, Ms. Rodriguez received a 2-level enhancement because the firearms were distributed to a "prohibited" person and in fact the firearms did end up in the hands of a "prohibited" person. While Ms. Rodriguez understands this enhancement applies and did not object to the enhancement, she had no actual knowledge of the transfer of firearms to prohibited persons. Furthermore, it is uncontroverted that Ms.

Rodriguez purchased dozens less firearms than did Mr. Wilson but was still held accountable for his purchases. Based upon the foregoing, this Court should find that Ms. Rodriguez qualifies for a "minor role" reduction pursuant to USSG § 3B1.2.

Ms. Rodriguez has many of the characteristics that the Eleventh Circuit has identified as being relevant to a minor role reduction. See United States v. Rodriguez De Varon, 175 F.3d 930, 945 (11th Cir. 1999).

Under the U.S. Sentencing Guideline § 3B1.2(b) a "minor participant" in criminal activity is entitled to a two-level reduction. A defendant is a "minor participant" when she is "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 cmt. n.5. In United States v. De Varon, 175 F.3d 930, 940 (11th Cir. 1999) (en banc) the De Varon court held that the lower courts must look to the defendant's role in the relevant conduct for which [she] has been held accountable at sentencing and her role compared to other participants. A district court uses a two-pronged inquiry to determine whether a role reduction applies, considering all probative facts involving the defendant's role and evaluating the totality of the circumstances. United States v. Man, 891 F.3d 1253, 1274 (11th Cir. 2018).

It first considers the defendant's role in relation to "the relevant conduct for which he has been held accountable at sentencing." Id. Then, it considers the defendant's "role as compared to that of other participants in his relevant conduct." Id. The commentary in the United States Sentencing Guidelines manual provides a non-exhaustive list of factors for a sentencing court to consider in determining whether to grant a minor role deduction. These factors include the "nature and extent of the defendant's participation" and the degree to which the defendant (1) "understood the scope and structure of the criminal activity," (2) "participated in planning or

5

organizing the criminal activity," (3) "exercised . . . or influenced the exercise of decision-making authority," and (4) "stood to benefit." U.S.S.G. § 3B1.2, comment. (n.3(C)). Section 3B1.2's commentary notes that **the mere fact that a defendant performs an "essential or indispensable role in the criminal activity is not determinative."** [Emphasis added]

In addition to considering the totality of the circumstances and those factors cited above, the U.S.S.G. commentary provides additional factors for the sentencing court to consider: (1) "the degree to which the defendant understood the scope and structure of the criminal activity"; (2) "the degree to which the defendant participated in planning or organizing the criminal activity"; (3) "the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority"; (4) "the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts"; and (5) "the degree to which the defendant stood to benefit from the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(C)(i)-(v).

The commentary also notes that "a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline," and "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative." § 3B1.2 cmt. n.3(C). "Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity." Id.

Accordingly, a fact-intensive inquiry where no one factor is more important than another is essential in the evaluation of an individual's role in the offense. United States v. Cruickshank, 837 F.3d 1182, 1187, 1195 (11th Cir. 2016). Therefore, district courts cannot deny a defendant's

6

minor-role reduction by considering only one factor. In Cruickshank, for example, the district court denied the defendant's minor-role reduction based solely on the sizable quantity of drugs the defendant transported during the underlying criminal activity. Id. at 1194-95. While drug quantity is a factor that district courts should consider the defendant's sentence was vacated and remanded for resentencing because "it was legal error for the district court to say that this is the only factor to be considered in a case like this one." Id. at 1195 see also United States v. Presendieu, 880 F.3d 1228, 1244, 1250 (11th Cir. 2018) (holding that a district court should not have solely considered one factor when denying the defendant's minor-role reduction).
Ms. Rodriguez argues that notwithstanding the number of firearms purchased by her, the court should consider that she had no communication with others in the criminal activity except Mr. Wilson. Ms. Rodriguez's only role in the offense was to purchase the firearm and provide it to Mr. Wilson for distribution to other unknown individuals.

    Ms. Rodriguez had no part in choosing the firearms to be purchased, nor did she transport the firearms to a buyer, or understand the scope and structure of the larger criminal operation. Furthermore, she did not exercise any influence or decision-making authority. Ms. Rodriguez argues that Mr. Wilson, unlike herself, was the organizer in a larger criminal operation. Ms. Rodriguez further contends a minor role reduction is warranted because she was less culpable than Mr. Wilson, who was the only indicted co-defendant involved in the scheme.

   b. **Request for Variance**

    Ms. Rodriguez requests the court take into consideration her disadvantaged youth, lack of formal education, nature of the criminal conduct, and relatively minor role pursuant to the provisions of 18 U.S.C. § 3553(b)(1). Ms. Rodriguez was raised in poverty and was deprived of a father figure at the age of 13 when her father was incarcerated for 25 years.   Her childhood

poverty, lack of education, no prior criminal history and lack of familial guidance should also be considered in fashioning a reasonable sentence, Ms. Rodriguez's candor and cooperation with law enforcement upon her arrest, her background and lack of criminal history are all factors that warrant a variance in this matter. Pursuant to United States v. Booker, 543 U.S. ---, 125 S. Ct. 738 (2004), the Supreme Court ruled that the United States Sentencing Guidelines, as written, are unconstitutional. As a remedy, the Court excised those portions of the federal sentencing statute that made the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), and § 3742(e). Sentencing courts must now consider the Guidelines but are not bound to apply them in every case.

> So modified, the Federal Sentencing Act . . . makes the Guidelines ***effectively advisory.*** It requires a sentencing court to consider Guidelines ranges, *see* 18 U. S. C. A. § 3553(a)(4) (Supp. 2004), but it ***permits the court to tailor the sentence in light of other statutory concerns as well***, *see* § 3553(a) (Supp. 2004).

Booker, 125 S.Ct. at 757 (emphasis added). Thus, in Booker, the Supreme Court instructed federal district courts to consider the guidelines, but to impose sentences in accordance with 18 U.S.C. § 3553. *See id.*

The first sentence of that statute, 18 § 3553(a), states that "the court shall impose a sentence sufficient, ***but not greater than necessary***, to comply with the purposes set forth in paragraph (2) of this subsection." See 18 U.S.C. 3553(a) (emphasis added). The purposes set forth in subsection 3553(a)(2) are:

the need for the sentence imposed --

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2).

A sentence sufficient to meet these goals can be achieved with a sentence far less than the sentence recommended in this case.

Furthermore, § 3553(a)(2)(B) & (C) instruct courts to consider the needs to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. Obviously, Ms. Rodriguez is facing a significant prison sentence as a result of her offense, however, both the need to protect society from Ms. Rodriguez's criminal acts, as well as general deterrence can be achieved with a reasonable sentence without the need for a term of imprisonment.

Lastly, 18 U.S.C. § 3553(b)(2)(D) instructs courts to consider imposing a sentence to "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." It is respectfully submitted, however, that such education or training will be available to Ms. Rodriguez with a sentence far below that recommended by the Guidelines in this case. Based upon these factors, Ms. Rodriguez respectfully requests this Honorable Court to impose a reasonable sentence, below her advisory guideline range.

WHEREFORE, the defendant respectfully requests this court recognize Ms. Rodriguez's disadvantage youth, lack of formal education and minor role in the offense in combination with the specific attributes of this offense and amend the guidelines accordingly.

c. **Educational or Other Training**

18 U.S.C. § 3553(b)(2)(D) instructs courts to consider imposing a sentence to "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." It is respectfully submitted, however, that such

education or training will be available to Ms. Rodriguez with a sentence far below that recommended by the guidelines in this case.

Respectfully Submitted,

/s/ Serbo C. Simeoni, Esq.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the original of the foregoing has been furnished by Electronic Filing to Sheryl L. Loesch, Clerk of the Court, U.S. District Court, Middle District of Florida, and that e-mail notification of this filing will be sent to all interested persons on this 14th day of March 2024.

/s/ Serbo C. Simeoni
Serbo C. Simeoni, Esq.
1700 N. McMullen Booth Rd.
Suite A-7
Clearwater, FL 33759
E-Mail Address: simeoni07@gmail.com
Tel. #: (727) 799-3506
Fax #: (727) 202-5104
Florida Bar No.: 0921970